UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Martire Vizcaino,

                *Plaintiff*,

      - *against* -

Renaissance Home Health Care,

                *Defendant*.
------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

    Plaintiff Martire Vizcaino ("Plaintiff" or "Vizcaino"), by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself, brings this complaint against Defendant Renaissance Home Health Care (the "Defendant"), and states as follows:

## NATURE OF THE ACTION

    1.    Plaintiff brings this lawsuit seeking recovery against Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

    2.    Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

    3.    The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

    4.    This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28

1

U.S.C. § 1331 because his claims arise under the FLSA.

5. Venue is proper in this District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF Martire Vizcaino**

6. Plaintiff Vizcaino was employed as a home attendant at Defendant's assisted living facility located at 267 Douglass Street, 3rd Floor, Brooklyn, NY 11217 ("Renaissance") from on or around June 1, 2022 through and including June 31, 2022.

7. Plaintiff Vizcaino was employed as a non-managerial employee at Renaissance from on or around June 1, 2022 through and including June 31, 2022.

8. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT RENAISSANCE HOME HEALTH CARE**

9. Upon information and belief, Defendant Renaissance Home Health Care is licensed to do business in the State of New York, and at all relevant times here to, maintained a principal place of business at 267 Douglass Street, 3rd Floor Brooklyn, NY 11217.

10. At all times relevant to this Complaint, Defendant Renaissance Home Health Care (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

11. At all times relevant to this Complaint, Defendant Renaissance Home Health Care

was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

12. At all times relevant to this Complaint, Defendant Renaissance Home Health Care was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

## FACTUAL ALLEGATIONS

13. Plaintiff was an employee of Defendant.

14. Plaintiff worked as a home health aide at Defendant's living facility located at 267 Douglass Street, 3rd Floor Brooklyn, NY 11217, from on or around June 1, 2022 through and including June 31, 2022.

15. From approximately June 1, 2022 through and including June 31, 2022, Plaintiff worked five (5) to six (6) days per week: from approximately 9:00 a.m. to 2:30 p.m. (*i.e.,* approximately 5.5 hours each day), for a total for a total period of approximately 27.5 to 33 hours during each of the weeks, respectively.

16. From approximately June 1, 2022 through and including June 15, 2022, Defendants paid Plaintiff $15 per hour.

17. Defendants failed to pay Plaintiff *any wages* for his last two weeks, of work, *i.e.,* from on or around June 16, 2022 to, through and including, June 31, 2022.

18. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

19. Defendant did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

20. Defendant did not give any notice to Plaintiff, in Plaintiff's primary language, of

his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

21. At all relevant times, Defendant did not pay Plaintiff at the rate of one and one-half times Plaintiff's hourly wage rate for hours worked in excess of forty per workweek.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

22. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

23. Defendant willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

24. Defendant has failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

25. Due to Defendant's violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendant, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

26. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

27. Defendant willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

28. Defendant has failed to make a good faith effort to comply with the NYLL with

respect to compensation of Plaintiff.

29. Due to Defendant's violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendant, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

### THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

30. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

31. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

32. In violation of NYLL §195 (1), Defendant failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

33. Due to Defendant's violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

5

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

34. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

35. With each payment of wages, Defendant failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

36. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendant violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;
b. declaring that Defendant violated the notice statement pay provisions of the NYLL and WTPA;
c. awarding Plaintiff unpaid minimum wages;
d. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;
e. awarding unpaid wages under New York State law for breach of contract;
f. awarding Plaintiff statutory damages as a result of Defendant's failure to furnish accurate wage notice pursuant to the NYLL;
g. awarding Plaintiff pre- and post-judgment interest under the NYLL;
h. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

    i.       Such other relief as this Court deems just and proper.

Dated: New York, New York
       November 15, 2022                   Respectfully submitted,

                                                By: /s/ Joshua Levin-Epstein
                                                      Joshua Levin-Epstein
                                                      Jason Mizrahi
                                                      Levin-Epstein & Associates, P.C.
                                                      60 East 42nd Street, Suite 4700
                                                      New York, New York 10165
                                                      Tel: (212) 792-0046
                                                      Email: Joshua@levinepstein.com
                                                      *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*